DECEMBER 20, 1949

**No. 53849.**—SUIT 4588.—United States *v.* Jovita Perez.—

C. A. D. 407. Case remanded to trial judge for further proceedings by order of OLIVER, Chief Judge, and COLE, Judge, as follows:

This cause having come on for hearing before this court, and a judgment having been rendered in favor of the importer (Reap. Dec. 7432), and the United States having thereafter appealed from said judgment to the United States Court of Customs and Patent Appeals, and the said United States Court of Customs and Patent Appeals having transmitted to this court its mandate, by which it appears that the judgment of the United States Customs Court was reversed and the cause remanded on March 1, 1949, for proceedings not inconsistent with the views expressed in the opinion of said United States Court of Customs and Patent Appeals (C. A. D. 407),

Now, in conformity with the said mandate of the said Court of Customs and Patent Appeals, it is hereby

ORDERED that the cause be and is hereby remanded to the trial judge for further proceedings not inconsistent with the opinion of the Court of Customs and Patent Appeals in said cause.

DISSENTING OPINION

MOLLISON, Judge: Having considered the opinion and decision of the Court of Customs and Patent Appeals in the above cause, the judgment and mandate thereof, and the record in the cause, including appellant's exhibit 6, I am of the opinion that the proper procedure to be followed at this stage of the proceedings would be to set the cause down for argument upon the foregoing for the purpose of determining the mode of compliance with said judgment and mandate. I therefore dissent from the entry of the order of the majority.

BEFORE THE FIRST DIVISION, DECEMBER 28, 1949

**No. 53850.**—The May Co. *v.* United States, protest 25090–K (New York).

Opinion by OLIVER, C. J. It was stipulated that certain items of the merchandise consist of mah jong sets and leather cases, which were entireties, similar in all material respects to the mah jong sets the subject of Abstract 51959. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 53851.**—A. Bondar *v.* United States, protest 125101–K (New York).

Opinion by MOLLISON, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was therefore sustained.